UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RICHARD GLEN GILLEM,<br><br>          Petitioner,<br><br>     v.<br><br>MATTHEW CATE, SECRETARY CDCR<br><br>          Respondent. | No. ED CV 10-451-PA (PLA)<br><br>**ORDER DISMISSING PETITION AS SUCCESSIVE** |

On March 25, 2010, Richard Glen Gillem ("petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). The instant Petition challenges petitioner's 2000 sentence in the Riverside County Superior Court in Case No. PEF001278. (Petition at 2). On January 22, 2003, petitioner filed an earlier habeas petition in this Court, Case No. ED CV 03-95-PA (PLA), which also challenged his 2000 sentence. The 2003 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on September 8, 2003.

**DISCUSSION**

The Petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214 (1996). Therefore, the Court

1 applies the AEDPA in its review of this action. See Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003). A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his 2003 federal habeas challenge, petitioner raised the following single claim: petitioner's sentence of twenty-five years to life is grossly disproportionate to the offense and offends the Eighth Amendment's ban on cruel and unusual punishment. (See Report and Recommendation in Case No. ED CV 03-95-PA (PLA), issued on July 29, 2003, at p. 3). As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on September 8, 2003).

In the instant Petition, petitioner sets forth the exact same Eighth Amendment claim challenging his sentence of twenty-five years to life as he raised in his 2003 federal habeas action.

(See Petition at 5). He also raises an additional claim not presented in his 2003 federal habeas action. Specifically, petitioner challenges the $10,000 fine imposed by the trial court by alleging that the trial court lacked jurisdiction under California Penal Code §§ 1202.4 and 1202.45 to impose such a fine, and that the fine offends the Eighth Amendment's proscription against excessive fines. (See Petition at 5, Petition Attachment 7.b).

Even if petitioner's claims in the instant Petition satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B) (and it does not appear that they satisfy either section), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not presented any documentation showing that the Ninth Circuit issued an order authorizing the District Court to consider a successive petition, and there is no indication in the instant Petition, or in the overall record, that petitioner has obtained such authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). As such, the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, the Court finds that dismissal of the instant Petition is appropriate as it is successive, and petitioner has not provided any documentation to this Court showing that he received authorization from the Ninth Circuit to file a successive petition.

/
/
/
/
/
/

## ORDER

It is hereby **ORDERED** that judgment be entered dismissing the Petition without prejudice as successive.

DATED: 4/12/10

HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE